**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60843
Summary Calendar

_____

PATRICIA RODRIGUEZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Immigration and Naturalization Service
Agency No. A29-303-159
---------------------

Before SMITH, DUHE', and WIENER, Circuit Judges.

PER CURIAM:[1]

Patricia Rodriguez has petitioned for review of the decision
of the Immigration and Naturalization Service ("INS") reinstating
its May 1998 order of removal pursuant to Immigration and
Nationality Act ("INA") § 241(a)(5).  See 8 U.S.C. § 1231(a)(5).
"In enacting § 241(a)(5), Congress' intent was to streamline and
expedite existing procedures for removing illegal aliens, which had
become 'cumbersome and duplicative.'" Ojeda-Terrazas v. Ashcroft,
290 F.3d 292, 296 (5th Cir. 2002).  Under implementing regulations
pertaining to reinstatement proceedings, "the alien is not entitled

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a hearing before an immigration judge." Id. (citing 8 C.F.R. § 241.8). "Rather, an INS officer determines (1) the identity of the alien; (2) whether the alien was subject to a prior order of removal; and (3) whether the alien unlawfully reentered the United States." Id. This court has jurisdiction to review the Attorney General's reinstatement order but not the merits of the original order of removal. Id. at 294-95.

Rodriguez raises several issues with regard to the adequacy of the administrative record. Rodriguez contends that the administrative record does not contain a copy of the prior order of removal and that an I-213 Record of Deportable/Inadmissible Alien dated "9/16/2001" in the record refers erroneously to an order of removal dated "5/2/02." Rodriguez did not dispute her identity below or that she was subject to an order of removal issued in May 1998. The record has been supplemented with a copy of the removal order. There is no reversible error.

Rodriguez contends that the Attorney General has not shown that she was the person who was the subject of the May 2, 1998, order of removal. Rodriguez argues that the 1998 order identified the person being removed as a married person and that she could not have been married at that time because her current husband had not yet divorced his former wife. To the extent that this argument implicates the validity of the original order of removal, it is beyond this court's jurisdiction. See Ojeda-Terrazas, 290 F.3d at 294-95. Again, Rodriguez conceded below that she was removed to

2

Mexico from Dallas/Fort Worth International Airport in May 1998. There is no genuine dispute as to Rodriguez' identity as the person who was subject to the May 1998 removal order.

Rodriguez contends that the regulations implementing INA § 241(a)(5) violate her right to due process because they do not provide for an evidentiary hearing with benefit of counsel before an immigration judge. Rodriguez contends that she was prejudiced by the lack of a hearing because she did not have an opportunity to challenge the legality of the 1998 removal order. This argument is without merit as INA § 241(a)(5) provides that the prior order of removal is not subject to being reopened or reviewed. See 8 U.S.C. § 1231(a)(5). Rodriguez complains also that the Attorney General's failure to obtain the prior order of removal and to determine her true identity also violated her right to due process. Again, there is no genuine issue as to Rodriguez' identity or the existence of the 1998 order of removal. Rodriguez cannot show that she was prejudiced by the lack of an evidentiary hearing before an immigration judge. See Ojeda-Terrazas, 290 F.3d at 302. The petition for review is

DENIED.